UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOYD ALLEN GENTRY, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11 CV 1915 RWS |
| | ) |
| DRS TECHNOLOGY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, jointly against Defendant DRS Technologies, Inc. ("Technologies") and DRS Sustainment Systems, Inc. ("Sustainment"), Plaintiffs' employers. Plaintiffs argue they were misclassified as salaried, exempt employees, which resulted in their working in excess of forty hours per week while receiving a salary without overtime compensation. Plaintiffs now move for conditional certification of this case as a collective action under FLSA so that certain past and present employees may be notified of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation. Defendants oppose conditional certification. For the reasons stated below, I will deny Plaintiffs' motion for conditional certification without prejudice.

**Background**

Defendant DRS Sustainment is one of many subsidiaries of DRS Technologies. DRS Technologies is a supplier of products, services and support to military forces, intelligence agencies and prime contractors, with a focus on defense technology. DRS Sustainment provides technology products to United States military forces.

Plaintiff Gentry was employed as a training instructor for Defendants and alleges he is

similarly situated to other training instructors and field service representatives of Defendants. Plaintiff Schoenholtz was employed as a field service representative ("FSR") for Defendants and alleges he is similarly situated to training instructors and other FSRs. Training instructors and FRSs traveled to military bases throughout the United States to perform work on equipment and provide instruction and training to the military related to the equipment. Plaintiffs allegedly traveled up to and over 200 days per year and Plaintiffs allege they accumulated approximately 300 to 500 unpaid overtime hours per instructor and FSR per year. Plaintiffs allege Defendants directed FRSs and training instructors to report nine hours of work per day regardless of the actual number of hours work and that training instructors and FRSs were misclassified as exempt from the overtime requirements of the FLSA.

Plaintiffs argue they are representative of those similarly situated who are current or former employees of the Defendants as training instructors and FSRs because all were subject to the same policies, procedures and practices and were subject to the same misclassification as exempt employees.

**Discussion**

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for overtime with additional pay of at least one and one half times the employee's regular hourly wage. 29 U.S.C. § 207. Any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one

or more employees for and on behalf of himself or themselves and other employees similarly situated." Id.  The FLSA does not define the term "similarly situated" and the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b).  District courts in this circuit use a two-step analysis. See e.g., Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D.Mo.2010); Parker v. Rowland Express, Inc., 492 F.Supp.2d 1159 (D.Minn.2007); Davis v. NovaStar Mortgage, Inc., 408 F.Supp.2d 811 (W.D.Mo.2005); Dietrich v. Liberty Square L.L.C., 230 F.R.D. 574 (N.D.Iowa 2005); McQuay v. American Int'l Group, Inc., 2002 WL 31475212 (E.D.Ark.2002).

Plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation. See Davis, 408 F.Supp.2d at 815. I do not reach the merits of Plaintiffs' claims during the first step in the process. Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D.Mo.2007)). Plaintiffs' burden at this stage is not onerous. See Kautsch, 504 F.Supp.2d at 688; Smith v. Heartland Automotive Services, Inc., 404 F.Supp.2d 1144, 1149 (D.Minn.2005) (burden at first stage is "not rigorous"). Conditional certification requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F.Supp.2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast v. Applebee's International, Inc., 243 F.R.D. 360, 362 (W.D.Mo. 2007). The determination whether the members of the conditionally certified class are actually similarly situation is made during the second step of the process, after the close of discovery. Id. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion."

Heartland, 404 F.Supp.2d at 1149 (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F.Supp.2d at 1159.

At the second step of the process, the defendant may move to decertify the class. See Dernovish v. AT & T Operations, Inc., 2010 WL 143692 at *1 (W.D.Mo. Jan.12, 2010). This typically occurs once discovery is closed and there is more information for me to consider and make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F.Supp.2d at 815. In order to be similarly situated, "class members need not be identically situated." Fast, 243 F.R.D. 360, 362 (W.D.Mo. 2007).

Plaintiffs are senior instructors/training specialists and field service representatives ("FSRs") that are allegedly jointly employed by Defendants DRS Sustainment and DRS Technologies. Defendant DRS Sustainment is one of many subsidiaries of Defendant DRS Technologies, but the *only* subsidiary of DRS Technologies named as a defendant in this matter. Defendants argue it is unclear from Plaintiffs' motion or proposed notice whether Plaintiffs seek the conditional certification of a class comprised only of Trainers and FRSs that were jointly employed by DRS Sustainment and DRS Technologies or whether Plaintiffs seek to conditionally certify a broader nationwide class. Defendants' argument is persuasive. Plaintiffs' proposed notice is directed to "All Senior Instructors/Training Specialists and Field Service Representative Who have Performed Work For DRS Technologies, Inc. and/or DRS Sustainment Systems, Inc. within the Last Three (3) Years." Plaintiffs did not address this issue in their reply

brief.[1] Further, Plaintiffs do not present *any* evidence, in their affidavits or elsewhere in the record, that the challenged policy is implemented outside of DRS Sustainment. Without a precise proposed class, I cannot complete the analysis required to conditionally certify a class in this matter. As a result, I will deny Plaintiffs' motion for class certification without prejudice. Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Certify Class [#46] is **DENIED without prejudice.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2012.

---

[1] Instead, Plaintiffs respond to an argument not asserted by Defendants: that DRS Technologies should be removed as a defendant in this matter. There is no motion to dismiss currently pending in this matter.